

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00340-CV

———————————————

IN THE INTEREST OF C.W. AND L.W., CHILDREN

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV19-00116

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant B.W. (Mother) appeals a judgment terminating her parental rights to her daughters, Ann and Beth.[1]  A jury found that there were four grounds for termination and that termination was in the children's best interest.  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (M), (O), (2).  The trial court awarded permanent managing conservatorship of both children to the Department of Family and Protective Services (the Department).  Mother timely appealed.

## II. BACKGROUND

Mother's first appointed appellate counsel filed a brief asserting that Mother's appeal was frivolous.  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases).  Not persuaded that the *Anders* brief reflected a conscientious and thorough review of the law and facts, we instructed counsel to file an amended brief.  Should, however, counsel determine that she could not file a timely amended brief, we instructed her to file a motion to withdraw so that new counsel could be appointed.  In response, citing scheduling conflicts, Mother's first appointed appellate counsel filed a motion to

---

[1]We use aliases for the children.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).  Father's parental rights were terminated too, but he did not appeal.

withdraw, which we granted.  We then abated the appeal so that the trial court could appoint new counsel to represent Mother.  The trial court promptly complied.

Mother's second appointed appellate counsel also filed a brief asserting that Mother's appeal was frivolous.  *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400; *see also K.M.*, 98 S.W.3d at 776–77.  This brief met the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there were no arguable grounds to advance on appeal.  Mother was provided with the opportunity to obtain a copy of the appellate record and to file a pro se response, and she did so.  The Department filed a response in which it indicated that it would not be filing a brief.

### III.  DISCUSSION

### A.  Mother's appeal is frivolous.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist.  *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  We also consider the *Anders* brief itself and any pro se response.  *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

3

During our independent review of the record, we questioned whether the trial court's jurisdiction had expired by the time the case went to trial and, consequently, asked the parties to file jurisdictional letter briefs. The next day, a supplemental clerk's record was filed. Because it contained documents answering our jurisdictional concerns, we cancelled our request for jurisdictional letter briefs.

We have carefully reviewed the second appointed counsel's brief, Mother's pro se response,[2] and the appellate record. Finding no reversible error, we agree with

---

[2]Mother's pro se response presented no arguable appellate grounds. She articulated essentially four complaints.

First, Mother asserted that Oklahoma had exclusive, continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act. *See* Tex. Fam. Code Ann. §§ 152.001–.317. The record, however, shows that Oklahoma declined to exercise its jurisdiction.

Second, Mother complains about child support, but Mother was not ordered to pay child support after termination or to pay child-support arrearages accumulated before termination.

Third, Mother disagrees with the trial court's award of managing conservatorship, but because her parental rights were terminated, Mother no longer has standing to contest that issue. *See In re Y.V.*, No. 02-12-00514-CV, 2013 WL 2631431, at *2 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op.).

Fourth and finally, Mother argues generally that the Department's witnesses testified falsely and that the jurors erred in believing them, so the evidence was legally and factually insufficient to support the trial court's judgment. Whom to believe, however, was the jurors' prerogative: "Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary." *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (footnotes omitted).

counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's judgment terminating Mother's parental rights to Ann and Beth.

## B. Mother's second appointed counsel remains her attorney.

In the context of a criminal appeal, when appointed counsel files an *Anders* brief, the brief is intended to support counsel's motion to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. In the context of a termination appeal, however, counsel remains appointed through proceedings in the supreme court unless otherwise relieved from her duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016. Therefore, filing in our court a motion to withdraw based on *Anders* would be premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order).

Mother's second appointed counsel has not filed a motion to withdraw based on *Anders* (which, if she had, we would have denied because her obligations continue beyond our court) or based on good cause unrelated to her determination that Mother's appeal was frivolous. Accordingly, counsel remains Mother's appointed attorney through proceedings in the supreme court.[3] *See P.M.*, 520 S.W.3d at 27; *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied).

---

[3]We emphasize second appointed counsel's continued duty to Mother because in counsel's letter to Mother informing her that counsel had filed an *Anders* brief,

## IV. CONCLUSION

We agree with counsel's *Anders* brief that Mother's appeal is frivolous and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 19, 2022

---

counsel appears to have advised Mother that (1) counsel's representation ends in our court and (2) if Mother decided to pursue a petition for review, Mother would have to do so pro se: "If you lose your appeal in the Second Court of Appeals, you can request that the Texas Supreme Court review your case. A copy of Rule 53 of the Texas Rules of Appellate Procedure is enclosed to assist you if you choose to request review." We note that should Mother wish to file a petition for review and should appointed counsel determine that filing a petition for review would be frivolous, appointed counsel may fulfill her obligations by filing in the Texas Supreme Court a petition for review that satisfies the *Anders* standards. *See P.M.*, 520 S.W.3d at 27–28.